NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | | |
|---|---|---|
| TIMOTHY SEAN COOGLE, | : | |
| | : | Civ. No. 23-4056 (RMB) |
| Petitioner | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| WARDEN, FCI FORT DIX, | : | |
| | : | |
| Respondent | : | |

RENÉE MARIE BUMB, CHIEF UNITED STATES DISTRICT JUDGE

Pro Se Petitioner Timothy Sean Coogle ("Petitioner"), a prisoner confined in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"), filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 alleging that a motion to vacate, correct or set aside his sentence under 28 U.S.C. § 2255 is an inadequate and ineffective remedy to challenge his conviction in the U.S. District Court, Southern District of West Virginia, *United States v. Coogle*, 2:17-cr-00167-1 (S.D.W.V.) ("Crim. Action No. 17-167")[1]   (Pet., Docket No. 1.)   For the reasons discussed below, the Court will transfer the petition to the Fourth Circuit Court of Appeals for consideration as a second or successive § 2255 motion.

## I.    THE PETITION

Petitioner pled guilty to a one count Indictment, and on May 31, 2017, he was sentenced to a 121-month term of imprisonment in Criminal Action No. 17-167.

---

[1] Available at Public Access to Court Electronic Records, www.pacer.gov.

(ECF No. 37).   He filed a § 2255 motion with his sentencing court in September 2018 (ECF No. 42), and the motion was denied in January 2021 (ECF Nos. 85, 86.) Petitioner appealed to the Fourth Circuit Court of Appeals, and on January 6, 2023, the Fourth Circuit affirmed the district court's denial of his § 2255 motion.   (ECF Nos. 107-09.)   The U.S. Supreme Court denied Petitioner a writ of certiorari on June 26, 2023.   (ECF No. 116.)   Rather than seeking permission to file a second or successive § 2255 motion in the Fourth Circuit Court of Appeals, Petitioner brings the present petition for writ of habeas corpus under 28 U.S.C. § 2241.

## II.   DISCUSSION

This matter is before the Court for screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[2]   Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."   SECT 2254 Rule 4.   For the reasons discussed below, the Court will transfer the petition for want of jurisdiction.

"Congress created § 2255 as a separate remedial vehicle specifically designed for federal prisoners' collateral attacks on their sentences."   *Jones v. Hendrix*, 599 U.S. 465, 473 (2023) (citation omitted).   The sole legislative purpose was to avoid serious administrative problems faced by federal prisoners' districts of confinement

---

[2] The Rules Governing Section 2254 Cases in the United States District Courts are applicable to cases under 28 U.S.C. § 2241 pursuant to Rule 1(b), the scope of the Rules.

by rerouting their collateral attacks to their sentencing courts   *Jones,* 599 U.S. at 473-74.   Congress, however, preserved the habeas remedy under § 2241 with the saving clause of § 2255(e), for situations where "the remedy by motion is inadequate or ineffective to test the legality of [a prisoner's] detention."   *Id.* at 474 (quoting § 2255(e)).   Cutting off use of the saving clause in § 2255(e) for most situations, the Supreme Court recently held that the provisions in § 2255(h) provide the only bases for federal prisoners to bring second or successive collateral attacks on their sentences.   *Id.* at 480.   If a collateral attack on a sentence does not fit within those provisions, a federal prisoner may not bring the claim at all.   (*Id.*) Therefore, this Court lacks jurisdiction over Petitioner's collateral attack on his sentence under 28 U.S.C. § 2241, and this Court construes the motion as a second or successive § 2255 motion.   Pursuant to 28 U.S.C. § 1631, this Court will transfer the motion to the Fourth Circuit Court of Appeals for determination, under 28 U.S.C. § 2244(b)(3)(A), whether the motion satisfies § 2255(h).

Pursuant to 28 U.S.C. § 2253(c)(1)(B), a petitioner must be granted a certificate of appealability before "an appeal may [] be taken to the court of appeals from-- … the final order in a proceeding under section 2255."   A certificate of appealability may issue upon the petitioner's "substantial showing of the denial of a constitutional right.   28 U.S.C. § 2253(c)(2).   Where, as here, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the

prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).   Jurists of reason would not disagree with this Court's decision that it lacks jurisdiction over Petitioner's collateral attack on his sentence imposed in the United States District Court, Southern District of West Virginia.   The Court will deny Petitioner a certificate of appealability.

## III.   CONCLUSION

For the reasons discussed above, the Court construes Petitioner's § 2241 petition as a second or successive § 2255 motion, and will transfer the petition to the Fourth Circuit Court of Appeals to cure want of jurisdiction.

An appropriate order follows.

**Dated:   January 23, 2024**

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**Chief United States District Judge**